UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARLIE MARIE BREAZELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:24-cv-01592-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED AND THIS CASE BE REMANDED FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 1, 14).<br><br>FOURTEEN (14) DAY DEADLINE |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income benefits. *See* 28 U.S.C. § 636(b)(1)(B) (providing for issuance of proposed findings of fact and recommendations); Local Rule 302(c)(15) (referring final social security decisions for findings and recommendations).

Plaintiff argues as follows:

Substantial evidence does not support the ALJ's RFC assessment.

The ALJ failed to properly evaluate Plaintiff's obesity.

The ALJ's symptom evaluation is not supported by substantial evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The ALJ's decision is unsupported by substantial evidence.

(ECF No. 14, p. 2) (minor alterations).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court recommends as follows.

## I.    ANALYSIS

Plaintiff first argues that the following RFC assessment by the ALJ, which was ultimately used to conclude that she was not disabled, is not supported by substantial evidence:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except that the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six of eight hours; and sit for six of eight hours. The claimant can frequently climb stairs, balance, kneel, and crouch. She can never climb ladders or crawl. She can occasionally stoop. The claimant can frequently reach, handle, finger, and feel with the dominant right upper extremity. She cannot have concentrated exposure to hazards.

(A.R. 22; *see* ECF No. 14, p. 9).

Specifically, Plaintiff argues that "there was no support for the ALJ's RFC assessment as the record is devoid of any RFC assessments from any physicians." (ECF No. 14, p. 10). Defendant argues that the ALJ is permitted to review "uncomplicated findings" and formulate an appropriate RFC without a medical opinion. (ECF No. 17, p. 19). Additionally, Defendant argues that any error here was harmless. (*Id.* at 20).

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means

"more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).

Plaintiff is correct that the ALJ's RFC was not based on any medical opinions. The state agency consultants opined that there was insufficient evidence to render any medical opinions. The ALJ disagreed, finding that the imaging studies and physical examinations substantiated Plaintiff's physical impairments.  Specifically, the ALJ found:

> I first considered the initial level state agency decision by G. Leu, MD, in January 2022 (Exhibit B2A/6-7). Dr. Leu opined that the evidence was insufficient to determine the claimant's medically determinable impairments and residual functional capacity (Exhibit B2A/6-7). At the reconsideration level in May 2022, H. Jone, MD, agreed and rendered the same conclusions (Exhibit B4A/8). However, these opinions are not consistent with the medical record, as the evidence clearly establishes multiple impairments, including the severe impairments of degenerative disc disease and obesity. Moreover, these opinions are not well supported by the record, as the state agency reviewers appear to have overlooked the imaging studies and physical examinations that substantiate the claimant's medically determinable impairments. Therefore, these opinions are not persuasive.

(A.R. 25). However, rather than request an additional medical opinion based on the medical evidence, the ALJ proceeded to assess Plaintiff's limitations and determine her RFC without the benefit of any medical opinion.

Defendant correctly points out that the Ninth Circuit has concluded that, "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." (ECF No. 17, p. 18) (quoting *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir 2022)). However, the Ninth Circuit has also found that an ALJ may not draw its own conclusions about certain medical evidence without the assistance of a medical record. *See Rondan v. Halter*, 8 Fed. App'x. 724, 725 (9th Cir. 2001) (unpublished) ("Instead of requesting a supplemental medical opinion that included consideration of the MRIs, the ALJ drew his own conclusions about the MRIs. The lack of a medical opinion that included consideration of the MRIs, and the fact that the RFC determination was made without consideration of Rondan's medical records, triggered the ALJ's duty to further develop the record."); s*ee also Shipp v. Colvin*, No. CV 13-9468 JC, 2014 WL

4829035, at *7 (C.D. Cal. Sept. 26, 2014) (noting that, because "the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record"); *Mack v. Saul*, No. 1:18-cv-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) ("[W]hile 'it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity,' it does not follow that the ALJ can substitute his own interpretations of medical records and data for medical opinions.") (citation omitted).

In formulating the RFC in this case, the ALJ relied in large part on imaging studies and physical examinations. For example, the ALJ noted that before "the adjudicative period, an MRI in December 2018 showed a diffuse disc bulge and facet arthropathy at L5-S1 causing mild central canal stenosis and moderate to severe right lateral recess stenosis with impingement of the right S1 nerve root." (A.R. 23, 372 (imaging results)). The ALJ also reviewed treatment records related to Plaintiff's back issues. One exhibit that the ALJ cited throughout the decision, B4F, contained the results of a physical examination, including the following:

> **Spine** – modified Oswestry low back pain 50% disability
>
> **Standing Posture** – rounded shoulders, decreased lumbar lordosis
>
> **Range of motion**, lumbar AROM, forward bending 30°, backward bending 15°, right rotation 20°, left rotation 20°, right side bending 15°, left side bending 15°
>
> **Gross Muscle Tests Trunk**, core stabilization fair, upper abdominals 3+/5, lower abdominals 3+/5

(A.R. 340) (minor alterations). Elsewhere in this exhibit, it was noted that "Patient require[d] skilled therapy to restore prior level of function utilizing the treatment and modalities described in [the] plan of care." (A.R. 337).

The ALJ also relied on the results of physical examinations, such as the following:

> A physical examination found that she had an antalgic gait on the right, but it was not broad-based, and she was able to heel and toe walk normally (Exhibit B6F/12-17). A seated straight leg raise test produced some pain on the right side, although she had no lumbar tenderness and also had normal muscle strength in the lower extremities (Exhibit B6F/12-17). The claimant continued to treat her low back pain

4

1
2
3
4

> with medication, and a physical examination in June 2022 was within normal
> limits (Exhibit B6F/1-6). In October 2022, her physical examination was similar to
> the March 2022 examination, as she had an antalgic gait on the left but was able to
> heel and toe walk normally (Exhibit B8F/43-48). Likewise, while a seated right-
> sided straight leg raise test was painful, she had normal range of motion, no
> tenderness, and full muscle strength and tone (Exhibit B8F/43- 48).

5
6
7
8

(A.R. 24).  While these examination results include certain normal findings, such as an ability to heel and toe walk normally, they also showed abnormal findings, such as painful straight leg raise test and antalgic gait.  Moreover, they did not directly report on Plaintiff's abilities to lift and carry, stand and/or walk or sit, as reflected by the RFC.

9
10
11
12
13
14
15

The Court finds that the interpretation of this evidence exceeded the ALJ's lay expertise and required a medical opinion to interpret and assess work limitations for the RFC. As the ALJ noted, these records supported Plaintiff's claim that she suffered from a medically determinable impairment. However, they did not clearly indicate what work limitations resulted from those impairments. Because the ALJ lacked the medical expertise to determine those work limitations from this medical evidence, the ALJ had a duty to develop the record and obtain a medical opinion.

16
17
18
19
20
21
22
23
24

Further, the Court cannot conclude that the ALJ's error in failing to consider any type of medical opinion in formulating the RFC was harmless, *i.e.*, "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). *See also De Gutierrez v. Saul*, No. 1:19-CV-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Here, the Court cannot find that the ALJ's error was harmless. The ALJ determined Plaintiff's RFC without a medical opinion that defined Plaintiff's limitations and the ALJ's specific determinations regarding Plaintiff's functional limitations lacked the support of substantial evidence. The Court cannot confidently conclude that the RFC assessment would have been the same absent this error.").

25
26

Thus, the Court will recommend that the judgment at issue be reversed and remanded for further proceedings as further explained below.[1]

27
28

---

[1] In light of the determination that the RFC is not supported by substantial evidence, the Court will not address Plaintiff's remaining issues that otherwise challenge the RFC or non-disability determination.

## II.    REMEDY

Although Plaintiff states that "[r]emand is warranted so that the record can be fully and fairly developed," Plaintiff elsewhere summarily contends that, "[i]n view of the ALJ's errors leading to the conclusion of non-disability, the Court should remand this claim for further calculation of benefits." (ECF No. 14, pp. 11, 17). Defendant argues that, if the Court rules against it, "the proper remedy would be a remand for further administrative proceedings." (ECF No. 17, pp. 20-21).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test, with each of the following parts of the test needing to be satisfied to remand for benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even if all these parts are met, the Court may still remand when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. Notably, remand for further proceedings is the "ordinary" requirement whereas a remand for payment of benefits is the rare exception. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the Court recommends a remand for further proceedings. As noted above, and as Plaintiff herself concedes, the record was not fully developed as to the appropriate RFC in this case.

## III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. The decision of the Commissioner of the Social Security Administration be reversed.

2. The matter be remanded for further proceedings so that the ALJ may sufficiently determine the RFC, including obtaining a medical opinion in connection with

formulating the RFC.

    3.  The Clerk of Court be directed to enter judgment in favor of Plaintiff and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 21, 2025**        /s/ *Erica P. Grosjean*

                                             UNITED STATES MAGISTRATE JUDGE