UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARL MARIE BREAZELL,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>              Defendant. | No.  1:24-cv-01592-EPG<br><br>STIPULATION AND ORDER FOR AWARD<br>AND PAYMENT OF ATTORNEYS FEES<br>PURSUANT TO THE EQUAL ACCESS TO<br>JUSTICE ACT (28 U.S.C. §2412(d))<br><br><br>(ECF No. 28) |

On June 13, 2026, the parties filed a joint stipulation for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), pursuant to 28 U.S.C. §2412(d). (ECF No. 28). The stipulation provides:

THE PARTIES HEREBY STIPULATE, through their undersigned Counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of Ninety-Nine Hundred and Ninety-Five dollars ($9,995). This amount represents compensation for all legal services rendered on behalf of Plaintiff by Counsel in connection with this civil action, in accordance with 28 U.S.C. §§1920; 2412(d).

Plaintiff was the prevailing party in this matter and Plaintiff is an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. The position of the Commissioner was not substantially justified and an award of fees is not unjust.

Furthermore, Plaintiff has assigned her entitlement to attorney fees and costs to her attorney Sima G. Aghai (See Plaintiff's Affidavit and Assignment of EAJA Fees filed concurrently herewith).  After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Sima G. Aghai.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and costs is entered, the government will determine whether they are subject to any offset.

Fees and costs shall be made payable to Plaintiff, but if the Department of the Treasury determines Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and costs to be made directly to Counsel for Plaintiff, Sima G. Aghai, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's Counsel via electronic fund transfer (EFT) or by check.

This joint motion constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and costs and does not constitute an admission of liability on the part of Defendant under the Equal Access to Justice Act or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims Plaintiff and/or Counsel may have related to Equal Access to Justice Act attorney fees and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's Counsel to seek Social Security Act attorney fees under 42 U.S.C. §406, subject to the savings clause provisions of the Equal Access To Justice Act (EAJA).

Plaintiff respectfully requests the Court issue an award for EAJA attorney fees in the amount of $9,995.

(*Id.*).

Upon consideration, the Court shall grant the proposed stipulation. IT IS HEREBY ORDERED that, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), attorney fees in the amount of **nine thousand nine hundred and ninety-five dollars ($9, 995)** be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated:    **June 15, 2026**

/s/ ~Erin P. Groy~
UNITED STATES MAGISTRATE JUDGE